UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>NELSON RODAS LINARES,<br>　　　　　Defendant. | Case No. 19-cr-00569-CRB-1<br><br>**ORDER OF DETENTION** |

　　　　On October 29, 2019, defendant Nelson Rodas Linares was charged by Indictment with three illegal drug distribution charges. Defendant made his initial appearance and was arraigned on the Indictment in the Northern District of California on November 22, 2019. At a hearing on X, Defendant waived his right to a detention hearing without prejudice.

　　　　This matter came before the Court on March 17, 2020 at Defendant's request for a detention hearing. Defendant was present and represented by attorney Candis Mitchell. Assistant United States Attorney Richard Ewenstein appeared for the government. A United States Pretrial Services Agency Officer was also present at the hearing. At the hearing, counsel submitted proffers and arguments regarding detention. Pretrial Services continued to recommend detention.

　　　　Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that Defendant poses a risk of flight that cannot be reasonably mitigated with conditions. Accordingly, the Court orders Defendant detained pending trial.

　　　　This Order supplements the Court's findings and order at the detention hearings and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).

　　　　The Bail Reform Act of 1984 sets forth the factors the Court must consider in determining

whether pretrial detention is warranted.  In coming to its decision, the Court has considered those factors, paraphrased below:

    (1)  the nature and seriousness of the offense charged;

    (2)  the weight of the evidence against the person;

    (3)  the history and characteristics of the person including, among other considerations, ties to the community, employment, past conduct and criminal history, and record of court appearances; and,

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g).

After considering all of the facts and proffers presented at the hearing, including the information contained in the supplemental Pretrial Services report, the Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance.  In particular, Defendant was ordered removed from the United States in 2017 and a warrant is pending for his removal; he is essentially a fugitive from the law.  Further, he resisted his arrest on the charges in this case and, according to the pretrial services report, he battered two San Francisco police officers during his initial arrest.  The proposed surety is insufficient to ensure that Defendant will appear in court.

Accordingly, pursuant to 18 U.S.C. § 3142, IT IS ORDERED THAT:

1.     Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.     Defendant be afforded reasonable opportunity for private consultation with counsel; and

3.     On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

This Order is without prejudice to reconsideration at a later date if circumstances change.

**IT IS SO ORDERED.**

Dated: March 18, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge